UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNY GREG UECKER, et al.,

    Plaintiffs,

  v.

KAMALA HARRIS, et al.,

    Defendants.

Case No. 16-cv-02027-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I. INTRODUCTION

Plaintiff Danny Greg Uecker, a state prisoner proceeding *pro se* and currently incarcerated at the California Training Facility ("CTF"), filed this civil rights complaint under 42 U.S.C. § 1983, purportedly on behalf of himself and five other named Plaintiffs. He seeks to proceed as a class action on behalf of "80,000 sex offenders in the State of California," claiming their constitutional rights have been violated due to the "prejudicial sentencing as a result of society's automatic hatred as to this type of crime." Dkt. 1 at 3.

Plaintiff Uecker's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

## II. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim
2   showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need
3   only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it
4   rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state
5   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to
6   provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
7   formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must
8   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
9   550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a
10  claim for relief that is plausible on its face." *Id.* at 570.

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
13  the alleged violation was committed by a person acting under the color of state law. *See West v.*
14  *Atkins*, 487 U.S. 42, 48 (1988).

## III.  DISCUSSION

16  The prerequisites to maintenance of a class action are that (1) the class is so numerous that
17  joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the
18  representative party's claims or defenses are typical of the class claims or defenses, and (4) the
19  representative party will fairly and adequately protect the class interests. *See* Fed. R. Civ. P. 23(a).
20  Unfortunately for Plaintiff, his request for class certification is DENIED because it is well
21  established that *pro se* incarcerated plaintiffs are not adequate class representatives able to fairly
22  represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d
23  1405, 1407 (4th Cir. 1975); *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980). Plaintiff
24  may not proceed on behalf of anyone other than himself. *See Russell v. United States*, 308 F.2d
25  78, 79 (9th Cir. 1962) ("a litigant appearing *in propria persona* has no authority to represent
26  anyone other than himself").

27  Accordingly, the above-titled action is hereby DISMISSED without prejudice to Plaintiff
28  filing a new action solely on his own behalf.

1    The Clerk of the Court shall enter judgment, terminate all pending motions, and close the
2    file.
3    IT IS SO ORDERED.
4    Dated: October 14, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge